UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  CR07-00615SOM |
| | ) | |
| Plaintiff, | ) | Honolulu, Hawaii |
| | ) | December 21, 2007 |
| v. | ) | 10:32 a.m. |
| | ) | |
| ANABEL VALENZUELA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

TRANSCRIPT OF ARRAIGNMENT AND PLEA TO THE INDICTMENT
BEFORE THE HONORABLE LESLIE E. KOBAYASHI
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          U.S. ATTORNEY'S OFFICE
                            By:  MARK INCIONG, ESQ.
                            300 Ala Moana Boulevard, #6100
                            Honolulu, Hawaii 96850

For the Defendant:          RICHARD KAWANA, ESQ.
                            4 S. King Street, #201
                            Honolulu, Hawaii 96813

Transcriber:                Jessica B. Cahill
                            P.O. Box 1652
                            Wailuku, Maui, Hawaii 96793
                            Telephone: (808)244-0776

Proceedings recorded by electronic sound recording, transcript produced by transcription service

THE CLERK:  United States District Court for the District of Hawaii with the Honorable Leslie E. Kobayashi, United States Magistrate Judge presiding is now in session. Please be seated.

Criminal 07-00615SOM, United States of America versus defendant (02) Anabel Valenzuela.  This case has been called for the arraignment and plea to the superseding indictment and for a detention hearing.  Counsel, please make your appearances?

MR. INCIONG:  Good morning, Your Honor, Mark Inciong for the United States.

MR. KAWANA:  Good morning, Your Honor, Richard Kawana appearing on behalf of Anabel Valenzuela and seeking appointment as counsel.

THE COURT:  All right.  The record will reflect her presence.  I do have her financial affidavit.  Based on her financial representations which is dated today, December 21, 2007, the Court is going to provisionally appoint you, Mr. Kawana.  I'm -- I'm looking at the information with -- regarding her ability to, and I can't conclude that she is entitled to panel counsel.  I don't think she qualifies with regard to panel counsel.

On the other hand, my concern is -- is that she has, you know, been arrested and has been -- appeared, and I want to make sure that she has counsel present.  So what I'm going to do is go forward with the arraignment and plea today and the motion

to detain hearing, and then set a status conference probably two weeks out with regard to status of counsel; whether she's retained counsel at that time or what have you.  But at this point in time, Mr. Kawana, I'm going to provisionally appoint you as her counsel.

MR. KAWANA:  I understand, Your Honor.

THE COURT:  All right.  Has she received a copy of the indictment?

MR. KAWANA:  Yes, Your Honor.  Miss -- Mrs. Valenzuela has received a copy of the indictment.  We've gone over it, she understands the charges, we would waive public reading of the indictment, and she enters a plea of not guilty to all charges.

THE COURT:  Okay.  A not guilty plea will be entered on her behalf.  And the trial date and the trial related deadlines.

THE CLERK:  Your Honor, I'm sorry, I said superseding indictment.  It's not.  It's a regular indictment.

THE COURT:  Yes, thank you.

THE CLERK:  Jury selection and jury trial to follow January 29th, 2008, at nine o'clock a.m., before Judge Susan Oki Mollway.  A status conference regarding the trial setting is set for January 4th, ten o'clock a.m., before Magistrate Judge Barry M. Kurren.

THE COURT:  Let's set the status conference with regard to the status of her counsel for that January 4th date as

well.

THE CLERK:  We'll add it on.

THE COURT:  So, Mr. Kawana, you otherwise would appear on -- on that date, and then perhaps you can give Judge Kurren an update as to the situation.

MR. KAWANA:  I will, Your Honor.

THE COURT:  But right now I'm going to provisionally appoint you.

Let's move to the Government's motion to detain.  I'm in receipt of the Pretrial Services report and recommendation that she be detained.  Anything further to submit on behalf of the Government, Mr. Inciong?

MR. INCIONG:  Your Honor, at this time, we would submit on the recommendation of Pretrial Services.

THE COURT:  All right.  Mr. Kawana.

MR. KAWANA:  Your Honor, we would -- I understand that Pretrial Services has recommended that defendant be detained, but --

THE COURT:  Uh-huh.

MR. KAWANA:  -- we would point out that the Nevada Pretrial Services report listed all of the factors that made them recommend that she be released on conditions.

THE COURT:  Uh-huh.

MR. KAWANA:  We would submit that now that she has been arrested and has been arraigned she would be going back to

Nevada if the Court were to allow her to do that. She would be under pretrial supervision of the Pretrial Services office there. She has family there, two young children who are I believe two and three years old, her parents live there. She basically works there.

THE COURT: Uh-huh.

MR. KAWANA: As Your Honor knows that if she's confined the income that she's reported on her financial affidavit would disappear so that even though she makes good income she would not have it. So, you know, she would have difficulty finding counsel if she didn't make the income.

So we would submit that with additional conditions such as 24 hour phone monitoring, perhaps cash -- unsecured cash bond of some type would all be sufficient to allow her to be released and supervised in Nevada.

So we would submit, Your Honor, that this is one of those special cases where now that she has been arraigned she understands that she's been charged, that she should be allowed to be released on terms and conditions.

THE COURT: All right. Well, the Court is going to grant the motion to detain at this time finding that there are no conditions that can be imposed to address danger to the community as well as the risk of non-appearance. However, that's without prejudice, Mr. Kawana. That if a plan is put together it may well be given that she doesn't have a

significant criminal history, she has one arrest that's been reported, she may or may not have the financial ability to post, you know, cash bond or something else.  I'm not sure what could be -- and -- and she certainly has family in -- in Las Vegas.

So I'm not ruling it out, but at this time, based on the information, I am granting the motion to detain.  Once this issue with regard to who is going to be her trial counsel is resolved the Court's finding is and ruling at this time is not without prejudice to the attorney putting together a plan and at that time we'll take a look at it and determine whether or not it meets the legal requirements.  But for now it's granted.  Mr. Inciong, if you would prepare the order.

MR. INCIONG:  I will.

THE COURT:  And, Ms. Valenzuela, you are remanded back to the custody of the U.S. Marshal Services and ordered detained until your trial or until the Court otherwise orders.  Mr. Kawana, do you have any questions or clarifications?

MR. KAWANA:  Yes, one -- one question, Your Honor. I've discussed this matter briefly with Mr. Inciong, but Ms. Valenzuela tells me that she's currently in the SHU because, according to Mr. Inciong --

THE COURT:  Right.

MR. KAWANA:  -- and he can correct me, there's some type of separatee order.

THE COURT:  Yes, Ms. Tamashiro, I think, raised this

at the last hearing, and she had indicated that there are only two female defendants, but because of separation order and there's only one location, I guess, for the female population. So I think Ms. Tamashiro and Mr. Inciong were going to meet and discuss that, and then see if they needed the Court's assistance.

So I would suggest you talk to Mr. Inciong and see if that can get resolved, that they can place them someplace, you know, other than one of them in the SHU at any given time.  If you can't, come back, and we'll have a conference with the Court.  Okay.

MR. KAWANA:  All right.  Thank you, Your Honor.

THE COURT:  So maybe you can meet right now and -- and discuss that because, I mean, there's got to be another way.

MR. KAWANA:  I understand, Your Honor.

THE COURT:  All right.

MR. KAWANA:  Thank you.

THE COURT:  Very good.  Thank you.

MR. INCIONG:  Thank you, Your Honor.

THE COURT:  We'll take the next matter.

(At which time the above-entitled proceedings were concluded.)

CERTIFICATE

I, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Dated this 31st day of March, 2009.


                              /s/ Jessica B. Cahill

                         Jessica B. Cahill