IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 07-00615-SOM-02 |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | ANABEL VALENZUELA'S MOTION |
| | ) | FOR COMPASSIONATE RELEASE |
| | ) | |
| vs. | ) | |
| | ) | |
| ANABEL VALENZUELA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT ANABEL VALENZUELA'S
MOTION FOR COMPASSIONATE RELEASE**

**I.      INTRODUCTION.**

In 2008, a jury convicted Defendant Anabel Valenzuela of having conspired to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers (Count 1 of the First Superseding Indictment) and of conspiring to commit money laundering (Count 3 of the First Superseding Indictment).  *See* ECF No. 372.  The conspiracy involved very large quantities of drugs and money being transferred between Nevada and Hawaii.  In January 2009, this court sentenced Valenzuela with respect to the drug conspiracy to 384 months of incarceration, five years of supervised release, and a $100 special assessment.  With respect to the money laundering conspiracy, this court sentenced Valenzuela to 240 months of incarceration, three years of supervised release, and a $100 special assessment.  The terms of

imprisonment and supervised release were to run concurrently. Valenzuela was also ordered to criminally forfeit $8,000,000, 5 Las Vegas properties, and a little more than $9,000 in cash. *See* Amended Judgment in a Criminal Case, ECF No. 450.

Given good time credit, Valenzuela, who is 37 years old, has a projected release date of March 5, 2035. *See* https://www.bop.gov/inmateloc/ (inpute BOP Register Number 42565-048) (last visited May 27, 2021). Valenzuela has served approximately 13½ years of her 32-year sentence. *See* ECF No. 766-6, PageID # 7418.

Valenzuela is incarcerated at Dublin FCI in California. *See id.* Dublin FCI currently houses 784 inmates, with 687 at the FCI and 97 in an adjacent camp. https://www.bop.gov/locations/institutions/dub/ (May 27, 2021). As of the morning of May 27, 2021, Dublin FCI has 1 active COVID-19 case in its inmate population and 3 active COVID-19 cases in its staff, with 237 inmates and 21 staff members having recovered from it. https://www.bop.gov/coronavirus/ (May 27, 2021). Additionally, as of the morning of May 27, 2021, 539 inmates and 172 staff members at Dublin FCI have been fully vaccinated against COVID-19. *Id.* Valenzuela appears to be one of those fully vaccinated inmates. In her Reply, she states that she received the first dose of the Moderna vaccine on April 1, 2021.

2

*See* ECF No. 777, PageID # 7481.  Valenzuela should have received her second vaccine dose more than two weeks ago.

Additionally, Valenzuela contracted COVID-19 in December 2020 and recovered without experiencing a severe case of it, although she indicates that she experienced "respiratory problems" in January 2021.  *See* ECF No. 769, PageID#s 7435, 7438 (sealed medical records); ECF No. 766, PageID # 7394 (motion stating, "I tested positive for COVID-19 on December 14, 2020."); ECF No. 766, PageID # 7395 (saying she "complained to medical staff of respiratory problems in January 2021").

Valenzuela moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The primary basis for her motion is the COVID-19 pandemic.  Valenzuela claims that her BMI of 29.9 makes her vulnerable to severe complications if she contracts COVID-19.  *See* ECF No. 766, PageID # 7395.  After considering Valenzuela's medical conditions, the time remaining on her sentence, and her history, this court concludes that she has not demonstrated that extraordinary and compelling circumstances warrant a reduction in her sentence.  Accordingly, her motion for compassionate release is denied.

**II.    ANALYSIS.**

Valenzuela's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the
> defendant after the defendant has fully

> exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted her administrative remedies or that 30 days have passed since she filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to this motion). *See United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

### A.   Valenzuela Has Satisfied the Time-lapse Requirement of 18 U.S.C. § 3582(c)(1)(A).

Valenzuela submitted an administrative compassionate release request to the warden of her prison, who denied that

4

request more than 30 days before the filing of this motion. *See* ECF Nos. 766-1 and -2, PageID #s 7400-03. The Government concedes that Valenzuela has therefore satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 776, PageID # 7452.

> **B.  This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.**

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction. In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

This court has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, the court is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3

(D. Haw. May 29, 2020). Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated. This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments. *Mau*, 2020 WL 6153581; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

Recently, the Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A). Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy statements that are binding on this court, they may inform this court's discretion. *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

    C. **Valenzuela Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify Her Early Release, or That the Requested Reduction Would Be Consistent with Any Applicable Sentencing Commission Policy Statement.**

    Valenzuela contends that this court should exercise its discretion and find that extraordinary and compelling circumstances justify her early release.  She relies primarily on the risks she faces if she contracts COVID-19 for a second time despite being fully vaccinated.  While the court acknowledges the seriousness of Valenzuela's concerns in light of the presence of COVID-19 in her facility, the COVID-19 pandemic does not justify early release at this time.

    According to Valenzuela, she has a BMI of 29.9.  Under the CDC's guidance, a BMI of 29.9 "can make you more likely to get severely ill from COVID-19," meaning that Valenzuela may be more likely to need hospitalization, intensive care, a ventilator to help her breathe, or may even die from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 27, 2021). However, Valenzuela is 37 years old; her age does not place her in the highest risk category.  *Id.* ("Older adults are more likely to get severely ill from COVID-19. More than 80% of COVID-19 deaths occur in people over age 65, and more than 95% of COVID-19 deaths occur in people older than 45.").  While this court certainly agrees that Valenzuela has legitimate concerns about

contracting COVID-19, her medical conditions, standing alone, are not exceptional and compelling reasons that warrant a reduction in sentence.

Several factors mitigate the risks that Valenzuela faces. First, in December 2020, Valenzuela tested positive for COVID-19. Valenzuela does not indicate that she developed serious complications during that infection, although she did complain of respiratory issues in January 2021. Accordingly, it is not clear that she is likely to develop such complications if reinfected.

Second, although it is possible, it is unlikely that Valenzuela will be infected a second time, especially given that she appears to be fully vaccinated against COVID-19. The CDC has acknowledged that while "[c]ases of reinfection with COVID-19 have been reported, [they] remain rare." *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited May 27, 2021); *see also* https://www.cdc.gov/vaccines/covid-19/info-by-product/moderna/moderna-faqs.html ("Clinical trial data demonstrated vaccine efficacy was 94.1% against symptomatic, laboratory-confirmed COVID-19 following receipt of 2 doses of Moderna COVID-19 Vaccine.") (last visited May 27, 2021). While this court is in no position to make a definitive determination about immunity, the combination of Valenzuela's lack of complications after

8

testing positive, the possibility of some form of immunity from her December 2020 infection, and her status as fully vaccinated against COVID-19 cannot be ignored in any evaluation of whether there are extraordinary and compelling reasons warranting a reduction in her sentence.

Moreover, as of the morning of May 27, 2021, Dublin FCI has only 1 active case of COVID-19 in its inmate population and 3 active cases of COVID-19 in its staff. Dublin FCI has had 237 inmates and 21 staff members recover from COVID-19. Those numbers demonstrate that Dublin FCI at one time had a significant COVID-19 problem. Its COVID-19 problem has been reduced but certainly not eliminated. Nevertheless, the relatively low number of current COVID-19 cases does not place Valenzuela at great risk of exposure to COVID-19, especially when 539 of the 784 inmates (68.75%) at Dublin FCI and 172 of its staff members have been fully vaccinated against COVID-19.

In evaluating whether early release is justified, this court also must consider the factors set forth in § 3553(a), one of which is particularly relevant. While Valenzuela has been incarcerated for about 13½ years, that is less than half of her 32-year sentence, which the court considered appropriate given Valenzuela's responsibility for 2000 pounds of methamphetamine, her role as an organizer or leader in the conspiracy, her attempt to obstruct justice, and her failure to accept responsibility for

committing her crimes. *See* Transcript of Sentencing Proceeding. *See* ECF No. 575, PageID # 5697-99. Cutting her sentence to 13½ years would not appropriately punish her for her crimes, even if conditions at her facility are difficult. *See* ECF No. 766, PageID # 7395 (stating that the facility is on lockdown, with no visitation or programs and only limited medical care).

Given the breadth of her methamphetamine distribution, this court is also concerned that Valenzuela may pose a danger to the community if released at this time, even if her prior crimes were not crimes of violence. Valenzuela has not yet been adequately punished for her participation in a massive drug distribution conspiracy, even putting aside any recidivism concern and potential harm to the community.

It is true that Valenzuela has made numerous attempts to rehabilitate herself while imprisoned. *See* ECF No. 766-2, PageID #s 7404-05 and ECF No. 766-3, PageID #s 7410-11. It is also true that she has only two disciplinary sanctions from 2016 (missing an assignment) and 2008 ("phone abuse-disrupt monitoring"). *See* ECF No. 766-5, PageID # 7415. Furthermore, it does not appear that the Bureau of Prisons considers her a high-risk inmate. *See* ECF No. 766-4, PageID # 7413 (Female Pattern Risk Scoring). However, under § 3582(c)(1)(A), only extraordinary and compelling reasons can justify a reduction in an inmate's sentence. Having considered the amount of time

10

remaining on Valenzuela's sentence, her history, and the totality of the medical information she has submitted, this court determines that the reasons raised by Valenzuela do not rise to the level of being extraordinary and compelling reasons warranting a reduction in her sentence.

**III.    CONCLUSION.**

Valenzuela's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, May 28, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Valenzuela*, Cr. No. 07-00615-SOM-02; ORDER DENYING DEFENDANT ANABEL VALENZUELA'S MOTION FOR COMPASSIONATE RELEASE

11